# EXHIBIT 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LYMAN MINUGH,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MININAIL, LLC, foreign limited liability company, and MIDWAY VISHIONS, INC., a foreign business corporation,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br>(Personal Injury – strict tort products liability, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, breach of express warranty, negligence – for claim up to **$25million**)<br><br>**Filing Fee: $1,178.00 (ORS 21.160(1)(e))**<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br><u>DEMAND FOR JURY TRIAL</u> |

For his Complaint, Plaintiff, LYMAN MINUGH, allege as follows:

**GENERAL ALLEGATIONS**

**1.**

Due to the amount prayed for herein this claim is not subject to mandatory arbitration.

**2.**

At all times material, Defendant MININAIL, LLC (hereinafter referred to as "MININAIL") was and is a foreign limited liability company doing business as a manufacturer, retailer, and wholesale trader of small electronics.

**3.**

At all times material, Defendant MININAIL had working for it owners, members, employees, agents, or others within Defendant MININAIL'S control or right of control. At all

**COMPLAINT** – 1

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

times material, said persons were acting within the course and scope of their employment, agency, or duties with Defendant MININAIL.

4.

At all times material, Defendant MIDWAY VISHIONS, INC., (hereinafter referred to as "VISHIONS") was and is a foreign business corporation.

5.

At all times material, Defendant VISHIONS had working for it owners, members, employees, agents, or others within Defendant VISHIONS' control or right of control. At all times material, said persons were acting within the course and scope of their employment, agency, or duties with Defendant VISHIONS.

6.

At all times material, Defendant MININAIL conducted, and continues to conduct, a substantial portion of its business in Oregon, including the regular and sustained business operations through "authorized" retail stores throughout Oregon, including in Multnomah County.

7.

At all times material, Defendant MININAIL manufactured and/or imported small electronics, then sold said electronics to "authorized" retail stores knowing that the "authorized" retail stores were purchasing the small electronics, including electronic vaporizers, to be sold in the "authorized" retail stores.

8.

At all times material, one such electronic vaporizer was marketed and sold under the "Enail" brand, described as a "MiniNail Enail with Heater Coil" (hereinafter the "Enail").

**COMPLAINT** – 2

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**9.**

On or about October 23, 2020, LYMAN MINUGH purchased an Enail from Defendant VISHIONS retail store.

**10.**

At all times material, the Enail had included promotional material, as well as a user manual with instructions and printed warranty, all provided by Defendant MININAIL.

**11.**

The Enail was assembled and used according to Defendant MININAIL's instructions in all material respects.

**12.**

On or about October 19, 2021, at approximately 5:00pm, in Multnomah County, Oregon, LYMAN MINUGH was using the Enail, with it resting on a flat level surface and its controller set to heat its coil to approximately 968 degrees Fahrenheit when the Enail was knocked over, causing its coil to land on LYMAN MINUGH's left foot where it burned down to his tendons. When LYMAN MINUGH attempted to remove the Enail from his left foot, the coil met his left index finger, burning it down to the bone. During said incident, the Enail also contacted LYMAN MINUGH's left buttock and chest, severely burning both areas. Said incident caused LYMAN MINUGH's injuries and damages as hereinafter alleged, all of which were reasonably foreseeable to Defendants.

**13.**

At all times material, the manner in which LYMAN MINUGH used the Enail was reasonably foreseeable to Defendants.

**14.**

As a result of the Enail's defects, LYMAN MINUGH sustained the following injuries, some of which are permanent, and noneconomic damages:

**COMPLAINT** – 3

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

(a) Damage to the muscles, ligaments, tendons, nerves, and other soft tissue of the left foot, left hand and second finger, left buttock, and chest;

(b) Deep fourth-degree burn with loss and exposure of bone and necrotic tendon of the left index finger, requiring surgical left index finger ray amputation with closure;

(c) Deep third-degree burn with loss into the tendon and muscle of the left lateral foot, requiring surgical excisional debridement with surgical wound bed preparation of the left lateral foot and surgical application of split thickness Autograft;

(d) Pain, discomfort, and suffering; and

(e) Inconvenience and interference with usual and everyday activities, apart from gainful employment, on a permanent basis.

All to LYMAN MINUGH's noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$25million**.

## FIRST CLAIM FOR RELIEF

### (Strict Tort Product Liability)

**15.**

LYMAN MINUGH realleges and incorporates by reference herein paragraphs 1-14 above.

**16.**

At all times material, Defendant MININAIL was engaged in the business of importing, manufacturing, and selling electronic vaporizers, including the Enail at issue, and selling the same as consumer goods in Oregon.

**17.**

At all times material, Defendant VISHIONS was engaged in the business of selling electronic vaporizers, including the Enail at issue, as consumer goods.

**COMPLAINT** – 4

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**18.**

The Enail was purchased by LYMAN MINUGH from Defendant VISHIONS as a consumer good.

**19.**

At all times material, the Enail was expected to, and did, reach Defendant VISHIONS without a substantial change in the condition in which it was sold by Defendant MININAIL.

**20.**

At all times material, the Enail did not have a substantial change in condition between the time it was sold by Defendant MININAIL to Defendant VISHIONS and the time it was sold by Defendant VISHIONS to LYMAN MINUGH.

**21.**

At all times material, the Enail did not have a substantial change in condition between the time it was sold to LYMAN MINUGH and the time of its failure.

**22.**

At the time of LYMAN MINUGH's injuries the Enail was being used in the manner intended by Defendants and in a manner that was reasonably foreseeable by Defendants as involving substantial danger that was not readily apparent to its users.

**23.**

The subject Enail, at the time it was sold by Defendants to LYMAN MINUGH was not in a condition contemplated by the ordinary consumer for use as an electronic personal vaporizer.

**24.**

Based on information and belief, the Enail was defective and unreasonably dangerous to users or consumers, including LYMAN MINUGH, in one or more of the following particulars:

(a)   The Enail and its component parts were unreasonably dangerous in their design and manufacture, including in the following particulars:

**COMPLAINT** – 5

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

a. The Enail was designed and manufactured to heat its coil up to extreme temperatures, up to and above 1,000 degrees Fahrenheit;

b. The Enail was designed and manufactured to keep its coil heated to the set temperature up to and above 1,000 degrees Fahrenheit until the user affirmatively powered it down;

c. The Enail was designed and manufactured such that its coil was left exposed and unguarded along the outside of the product;

d. The Enail was designed and manufactured without a guard or other prophylactic barrier to prevent the coil from contacting its users, including LYMAN MINUGH;

e. The Enail was designed and manufactured without any mechanism to cut power to the coil when the coil came into contact with any foreign surface, such as its users, including LYMAN MINUGH;

f. The Enail was designed and manufactured such that the heating element would remain plugged into its controller in the event of a sudden tug on either component;

g. The Enail was designed and manufactured such that the heating element would remain plugged into its controller unless the user intentionally unplugged it;

h. The Enail was designed and manufactured without any mechanism to cut power to the coil when the product was tipped over or knocked from its position; and

i. The Enail was designed and manufactured without any mechanism to cut power to the coil after a certain length of time;

(b) The Enail was defectively manufactured, in that the Enail failed under circumstances that, according to its design, it should not have failed under;

**COMPLAINT** – 6

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

(c) Defendants did not provide proper and adequate instructions or warnings for safe use or maintenance relative to the manner in which it was intended to be used;

(d) Defendants did not provide proper and adequate instructions or warnings for safe use relative to the manner in which Defendants knew the Enail was used;

(e) The Enail did not contain proper and adequate warnings for safe use and maintenance;

(f) The Enail did not contain proper and adequate warnings of the dangers of use, such as severe burns;

(g) The Enail did not contain proper and adequate instructions for the safe use and maintenance;

(h) The Enail was unreasonably dangerous because it was dangerous to an extent beyond that which would be contemplated by the ordinary user; and

(i) In the alternative to the above particulars, the Enail suffered from an indeterminate defect, causing it to fail under the circumstances alleged herein.

25.

As a result of the defective and unreasonably dangerous condition of the Enail, LYMAN MINUGH sustained the injuries and damages alleged in paragraph 14 above, which are realleged and incorporated by reference herein.

**SECOND CLAIM FOR RELIEF**

**(Breach of Implied Warranty of Merchantability)**

26.

LYMAN MINUGH realleges and incorporates by reference herein paragraphs 1-14 above.

27.

At all times material, Defendant was a merchant, in that it was in the business of selling electronic vaporizers, including the Enail at issue.

**COMPLAINT** – 7

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**28.**

At all times material, LYMAN MINUGH was in vertical privity with Defendants as described above.

**29.**

At all times material, Defendants impliedly warranted to LYMAN MINUGH that the Enail was of a quality that would pass without objection in the trade, was fit for ordinary purposes for which such products are used, and in all other respects was of merchantable quality as further defined by ORS 72.3140.

**30.**

LYMAN MINUGH relied on this implied warranty of merchantability in the purchase and use of the Enail.

**31.**

Defendants breached the implied warranty of merchantability in that the Enail was not merchantable and was unfit for the ordinary purposes for which it was purchased, as it was unsafe and not reasonably fit for LYMAN MINUGH's use as described above.

**32.**

LYMAN MINUGH gave reasonable timely notice of the breach of the implied warranties of merchantability to Defendants.

**33.**

Defendants' breach of the implied warranties of merchantability caused LYMAN MINUGH's injuries and damages as alleged in paragraph 14 above, which are realleged and incorporated by reference herein.

/////

/////

/////

**COMPLAINT** – 8

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

# THIRD CLAIM FOR RELIEF

**(Breach of Implied Warranty for Fitness for a Particular Purpose)**

34.

LYMAN MINUGH realleges and incorporates by reference herein paragraphs 1-14, 27, and 28 above.

35.

At all times material, Defendants knew of the particular purpose for which LYMAN MINUGH was purchasing the Enail – to be used as a personal electronic vaporizer.

36.

At all times material, Defendant MININAIL knew, or had reason to know, of Defendant VISHIONS' reliance on Defendant MININAIL'S skill or judgment in selecting the Enail for such purpose.

37.

At all times material, Defendants impliedly warranted to LYMAN MINUGH that the Enail was of a quality that would pass without objection in the trade, was fit for ordinary purposes for which such products are used, and in all other respects was of merchantable quality as further defined by ORS 72.3140, and more specifically fit for use as a personal electronic vaporizer.

38.

LYMAN MINUGH relied on Defendants' skill or judgment in selection of the Enail and on Defendant's implied warranty of fitness for use as a personal electronic vaporizer.

39.

At all times material, Defendants knew, or had reason to know, of LYMAN MINUGH's reliance on Defendants' skill or judgment in selecting the Enail for such purpose.

COMPLAINT – 9

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**40.**

Defendants breached the implied warranties of fitness for a particular purpose in that the Enail was unsafe and not reasonably fit for use as a personal electronic vaporizer.

**41.**

LYMAN MINUGH gave timely and reasonable notice of the breach of the implied warranties of fitness for a particular purpose to Defendants.

**42.**

Defendants' breach of the implied warranties of fitness for a particular purpose caused LYMAN MINUGH's injuries and damages as alleged in paragraph 14 above, which are realleged and incorporated by reference herein.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Express Warranty)**

**43.**

LYMAN MINUGH realleges and incorporates by reference herein paragraphs 1-14, 27, and 28 above.

**44.**

At or near the time that Defendant MININAIL entered into a sales agreement with Defendant VISHIONS concerning the Enail, Defendant MININAIL made factual affirmations and promises relative to the safety of the Enail for consumer use, assuring that the Enail was fit and safe for use by someone to use as a personal electronic vaporizer.

**45.**

The factual affirmations and promises made by Defendant MININAIL became part of the basis of the bargain for the purchase of the Enail by Defendant VISHIONS.

**COMPLAINT** – 10

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**46.**

At or near the time that LYMAN MINUGH purchased the Enail from Defendant VISHIONS, Defendants made factual affirmations and promises relative to the safety of the Enail for consumer use, assuring that the Enail was fit and safe for use as a personal electronic vaporizer under reasonably foreseeable conditions.

**47.**

The factual affirmations and promises made by Defendants became part of the basis of the bargain for the purchase of the Enail by LYMAN MINUGH.

**48.**

The Enail suffered a defect, in that it was not capable of allowing LYMAN MINUGH to use it as a personal electronic vaporizer as described above. This defect constituted a breach of Defendants' express warranty referenced in the preceding four paragraphs.

**49.**

LYMAN MINUGH gave timely and reasonable notice of the breach of the express warranties to Defendants.

**50.**

As a result of Defendants' breach of express warranty as alleged herein, LYMAN MINUGH suffered the injuries and damages alleged in paragraph 14 above, which are realleged and incorporated by reference herein.

**FIFTH CLAIM FOR RELIEF**

**(Negligence – Defendant MININAIL)**

**51.**

LYMAN MINUGH realleges and incorporates by reference herein paragraphs 1-14 and 24 above.

**COMPLAINT** – 11

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**52.**

At the time of LYMAN MINUGH's injuries, the Enail was being used in the manner intended by Defendant MININAIL and in a manner that was reasonably foreseeable by Defendant MININAIL as involving substantial danger that was not readily apparent to its users.

**53.**

The subject Enail, at the time it was designed, manufactured, and first sold to LYMAN MINUGH, Defendant MININAIL knew or should have known that there were alternative designs that were safer than the heater coil, controller, and attaching systems that were used.

**54.**

Defendant MININAIL was negligent in one or more of the following particulars, each of which created an unreasonable and foreseeable risk of injury to LYMAN MINUGH:

(a) In failing to recall the Enail so as to remedy the dangerous conditions alleged in paragraph 24 above;

(b) In failing to warn others, including intermediary sellers, end sellers, or end users of the dangerous conditions alleged in paragraph 24 above;

(c) In designing and manufacturing the Enail so that the dangerous conditions alleged in paragraph 24 above existed;

(d) In manufacturing the Enail in such a way that it would burn its users;

(e) In failing to inspect the Enail so as to ensure it would not burn its users;

(f) In designing and manufacturing the Enail without a mechanism to automatically cut power to the coil;

(g) In recommending to LYMAN MINUGH the Enail; and

(h) In failing to warn LYMAN MINUGH of the risk that the Enail might burn him.

**COMPLAINT** – 12

Scott M Cumming, PC
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001

**55.**

At all times material, Defendant MININAIL knew or should have known that the foregoing acts or omissions created an unreasonable risk of harm to its ultimate customers, including LYMAN MINUGH.

**56.**

As a result of Defendant MININAIL's negligence, LYMAN MINUGH sustained the injures and damages alleged in paragraph 14 above, which are realleged and incorporated by reference herein.

**WHEREFORE**, Plaintiff LYMAN MINUGH prays for judgment against Defendants for noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$25million**; for his costs and disbursements incurred herein; and for any other relief the Court deems appropriate.

Dated: October 13, 2023.

SCOTT M CUMMING, PC

By: _____

Scott M. Cumming, OSB No. 206663
scott@scottcumming.com
Attorney for Plaintiff
Trial Attorney: Same

**COMPLAINT** – 13

**Scott M Cumming, PC**
61 NW Oregon Avenue #428
Suite 103
Bend, Oregon 97703
Phone: 541.241.4089
Fax: 541.717.0001