IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MESA UNDERWRITERS SPECIALITY
INSURANCE COMPANY,

No. 3:24-cv-01032-HZ

OPINION & ORDER

Plaintiff,

v.

MIDWAY VISHIONS, INC., and LYMAN
MINUGH

Defendants.

HERNÁNDEZ, Senior District Judge:

Plaintiff Mesa Underwriters Specialty Insurance Company seeks declaratory relief

concerning its duty to provide insurance coverage to its insured—Defendant Midway Vishions—

in connection with personal injury claims in a different lawsuit pending in this district between

Defendant Midway Vishions and Defendant Lyman Minugh.[1] *See* Compl., ECF 1; *Lyman*

*Minugh v. Midway Vishions, Inc.*, Case No. 3:23-cv-01681-YY. Now, Plaintiff moves the Court

---

[1] Since the filing of this motion, Plaintiff has voluntarily dismissed Defendant Midway Vishions.
Notice of Dismissal, ECF 16.

1 – OPINION & ORDER

to allow alternative service of the Complaint by publication on Defendant Minugh. The Court grants the motion.

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Oregon law provides that:

> On motion upon a showing by affidavit or declaration that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including . . . publication of summons[.]

Or. R. Civ. P. 7(D)(6)(a). "An order for publication shall direct publication to be made in a newspaper of general circulation in the county where the action is commenced or, if there is no such newspaper, then in a newspaper to be designated as most likely to give notice to the person to be served." Or. R. Civ. P. 7(D)(6)(c).

Plaintiff requests that it be allowed to serve Defendant Minugh by publication because it has tried—repeatedly and unsuccessfully—to serve Defendant Minugh personally and by first-class and certified mail. Pl. Mot. Alt. Service 7, ECF 12. Plaintiff has been unable to identify any other possible addresses or agents for service despite engaging two personal investigators for assistance with this matter. *Id.*

In its discretion, the Court concludes that service by publication is appropriate here. The record reflects that Plaintiff has diligently sought to serve Defendant Minugh by other methods allowed under the Oregon Rules of Civil Procedure, including personal service and service by first-class and certified mail. *See* Or. R. Civ. P. 7(D)(2), (3)(a) (allowing service on an individual by personal delivery, substitute service, office service, and—except for minors under 14 and

incapacitated persons—service by mail). Defendant Minugh recently testified at a deposition that he is presently homeless. Johnson Decl. ¶ 36, Ex. R (Minugh Dep.) 11:18-25, ECF 13. Although he is aware of the lawsuit, Defendant Minugh refuses to authorize counsel in the underlying action to accept service of the Complaint or share his contact information with Plaintiff's counsel. Johnson Decl. ¶¶ 9-11, 16, 19, 32, Exs. C, H. Plaintiff retained private investigators to ascertain Defendant Minugh's contact information. *Id.* ¶¶ 12, 14, 21, 23–24. Using information it has gathered from these investigators and from legal documents, Plaintiff has tried to personally serve Defendant Minugh at five different addresses, *id.* ¶¶ 7–8, 13, 15–17, 25–26, Exs. B, D, F, J, K, and serve by first-class and certified mail at four different addresses, *id.* ¶¶ 22, 28. None of these attempts at service has been successful. *See id.* ¶¶ 8, 13, 15–17, 25–26, 30–31, 33–34. There is also no evidence that substitute service or office service is appropriate in this case. *See* Minugh Dep. 17:14-15 (Plaintiff testifying he does not recall the last time he was employed).

Accordingly, the Court grants Plaintiff's motion to serve by publication. Service by publication of the Summons and Notice in <u>The Oregonian</u> is proper under Or. R. Civ. P. 7(D) as it is a newspaper of general circulation in Multnomah County, where this action was commenced. Or. R. Civ. P. 7(D)(6)(a)(i)(A). Pursuant to Or. R. Civ. P. 7(D)(6)(a)(i)(A), Plaintiff must publish the Summons and Notice "four times in successive calendar weeks," and the published summons must contain a summary statement of the object of the complaint and the demand for relief. It will also describe the deadline for the answer along with the first publication date of the summons. *Id.* Plaintiff's counsel has represented that he will also promptly provide each notice posted in <u>The Oregonian</u> to Defendant Minugh's counsel in the underlying action. Pl. Mot. Alt. Service 10.

Per Plaintiff's request, the Court also grants Plaintiff an extension of time for service under Rule 4(m) to allow service on Defendant Minugh by publication. *See* Pl. Mot. Alt Service 9; Pl. Notice, ECF 14. Plaintiff indicates it will take at least forty days to prepare the notices, arrange for their publication in <u>The Oregonian</u>, and serve Defendant Minugh by publication. Pl. Mot Alt. Service 2. Accordingly, the Court grants the request and extends the time to serve by fifty days from the date of this Order.

## CONCLUSION

The Court GRANTS Plaintiff's Unopposed Motion to Permit Alternative Service of Complaint by Publication and Extend the Deadline to Serve Complaint [12]. Plaintiff shall serve its Complaint within 50 days of this Order.

IT IS SO ORDERED.


DATED:_____January 31, 2025_____.



_____
MARCO A. HERNÁNDEZ
United States Senior District Judge