IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPNAY, a New Jersey
Corporation,

                Plaintiff,

      v.

MIDWAY VISHIONS, INC., a California
corporation, and LYMAN MINUGH, an
individual,

                Defendants.

No. 3:24-cv-01032-HZ

OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

Plaintiff Mesa Underwriters Specialty Insurance Company seeks declaratory relief

concerning its duty to provide insurance coverage to its insured—Defendant Midway Vishions—

in connection with personal injury claims in a different lawsuit pending in this district between

1 – OPINION & ORDER

Defendant Midway Vishions and Defendant Lyman Minugh.[1] *See* Compl., ECF 1; *Lyman Minugh v. Midway Vishions, Inc.*, Case No. 3:23-cv-01681-YY. Now, Plaintiff seeks a default judgment against Defendant Minugh. The Court grants the motion.

## BACKGROUND

In the underlying case, Defendant Minugh seeks damages arising out of injuries caused by a vaping device that Defendant Minugh was using in his home. *See* Notice of Removal Ex. 1, ECF No. 1-1, *Minugh v. Midway Vishions*, Case No. 3:23-cv-01681-YY. Defendant Vishions—a retail business that sold Defendant Minugh the vaping device—is insured by Plaintiff in this case. Compl. Ex 2, ECF No. 1-2. The applicable insurance policy excludes coverage for liability for injury caused by devices used for ingesting marijuana or nicotine, including vaporizers. *Id.* at 23 ("Exclusion – Tobacco, Nicotine, or Nicotine Replacement Products), 26 ("Exclusion – Marijuana or Marijuana Products"). It also excludes injuries that are sustained beyond the store premises operated by Defendant Vishions. *Id.* at 45 ("Limitation of Coverage to Designated Premises, Project or Operation"). Based on the terms of this policy, Plaintiff seeks a declaratory judgment that it has no duty to defend Defendant Vishions or pay any judgment or other indemnity to Defendant Minugh in the underlying case. Compl. ¶¶ 25-40.

In January 2025, after several unsuccessful attempts to serve Defendant Minugh, the Court granted Plaintiff's Motion to Permit Alternative Service by Publication. Op. & Order, ECF 19. Service by publication was completed by early April, and Plaintiff moved for entry of default against Defendant Minugh. Pl.'s Mot. for Entry of Default, ECF 20. The Court entered an Order of Default on April 25, 2025. Order, ECF 23.

---

[1] Since the filing of this motion, Plaintiff has voluntarily dismissed Defendant Midway Vishions. Notice of Dismissal, ECF 16; Order, ECF 26.

## STANDARDS

Rule 55(a) requires the Clerk of the Court to enter an order of default if a party has failed to timely plead or otherwise defend. "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir.1977); *SEC v. Wencke,* 577 F.2d 619, 622 (9th Cir. 1977) (without an answer in the record, every well-pleaded allegation in the complaint is deemed admitted). As to whether to enter a default judgment, the court has discretion. *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). "[D]efault judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

In its motion for a default judgment, Plaintiff seeks a declaration that it has no duty to Defendant Minugh for any indemnity. The Court finds that default judgment is appropriate in this case.

The Court first turns to the second and third *Eitel* factors: the merits of the case and sufficiency of the complaint. Both weigh in favor of granting a default judgment. Under the terms of the contract and consistent with the allegations of the Complaint, Plaintiff has no duty to defend or indemnify Defendant Vishions in the underlying case. The underlying case involves a bodily injury sustained at Defendant Minugh's residence premises and caused by a vaporizer.

Compl. at 2, ECF 1; *see* Compl. Ex. 1. This claim is not covered by the applicable insurance

policy, which excludes claims for bodily injury occurring off-premises and for injuries caused by

vaporizers used to ingest nicotine or marijuana. Compl. Ex 2, at 23, 26, 45; *see also* Landreth

Decl. ¶ 2 (Defendant "Vishions . . . does not dispute [Plaintiff's] coverage position that the

policy issued to it excludes coverage of claims asserted in the Underlying Lawsuit."), ECF 25.

Because Plaintiff has no duty to defend or indemnify Defendant Vishions, it also has no duty to

Defendant Minugh for any indemnity. *See State Farm Fire and Cas. Co. v. Reuter*, 294 Or. 446,

453, 657 P.2d 1231 (1983). Plaintiff has therefore demonstrated that it is entitled to a judgment

in its favor on the merits of its declaratory judgment claim.

      The first, fourth, fifth, and sixth *Eitel* factors also weigh in favor of granting a default

judgment. Here, there is a possibility of prejudice to Plaintiff if the Court were to deny the

motion. *Barba v. Brimfield*, No. 3:22-CV-01251-YY, 2023 WL 2667494, at *4 (D. Or. Mar. 1,

2023), *findings and recommendation adopted*, No. 3:22-CV-1251-YY, 2023 WL 2666540 (D.

Or. Mar. 28, 2023) ("In assessing the possibility of prejudice, courts have considered whether a

plaintiff would be without recourse for recovery if the motion for default judgment is not

granted."). There is no sum of money at stake as Plaintiff seeks a declaratory judgment. There is

also a low likelihood of dispute concerning material facts given that Plaintiff's motion is based

on the terms of a contract, its well-pleaded complaint, and Defendant Minugh's own allegations

in his complaint in the underlying action. Finally, it is unlikely that the default here was due to

excusable neglect. Plaintiff spent months attempting to serve Defendant Minugh by personal

service and by first-class and certified mail. Op. & Order 2-3, ECF 19. Ultimately, Plaintiff

completed service on Defendnant Minugh via publication. *Id.*; Mot. Default, ECF 20. And

Defendant Minugh's attorney in the underlying action received repeated notice of this action but

did not have authority to accept service on Defendant Minugh's behalf. First Johnson Decl. Ex.
C, ECF 13; Second Johnson Decl. Exs. C1-C4, ECF 21.

In sum, while the Federal Rules of Civil Procedure generally favor a decision on the
merits, the remaining *Eitel* factors all weigh in favor of granting a default judgment. Thus, the
Court grants Plaintiff's request for a default judgment and declares that Plaintiff does not owe
any duty to Defendant Minugh for any indemnity arising out of the underlying action between
Defendant Minugh and Defendant Vishions.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Default Judgment [24]. Plaintiff shall submit
a proposed judgment within 14 days of this Opinion & Order.

IT IS SO ORDERED.


DATED:___August 16, 2025_____.




_____
MARCO A. HERNÁNDEZ
United States Senior District Judge

5 – OPINION & ORDER